# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **SECURIAN LIFE INSURANCE COMPANY,** ) ) ) | |
| *Plaintiff* ) ) | Case No. 1:19-cv-06784 |
| v. ) ) | |
| **CARMEN BENFORD, CARLOS CASTLEBERRY, S.H. (a minor), AMERICAN FUNERAL FINANCIAL, LLC, and FORD ACCEPTANCE CORPORATION,** ) ) ) ) ) ) | |
| *Defendants* ) | |

## SECURIAN LIFE INSURANCE COMPANY'S
## COMPLAINT IN INTERPLEADER

Interpleader Plaintiff, SECURIAN LIFE INSURANCE COMPANY ("Securian"), by its attorneys, Jacqueline J. Herring and Rachel H. Beattie of Smith, von Schleicher & Associates, submits its Complaint in Interpleader pursuant to Fed. R. Civ. P. 22 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"). Securian requests that the Court enter an Order authorizing Securian to deposit with the Clerk of the Court, or other Court ordered escrow representative, the life insurance proceeds which are payable under an ERISA governed employee welfare benefit plan by reason of the death of the participant, John Shoun Benford (the "Insured").

### Parties

1. Securian is a corporation duly organized and existing under the laws of Minnesota with its principal place of business in St. Paul, Minnesota. Securian is a citizen of Minnesota.

2. Carmen Benford is the mother of the Insured, and she resides in Chicago, Illinois and is a citizen of Illinois.

3. Upon information and belief, Carlos Castleberry is the father of the Insured and resides in and is a citizen of Illinois.

4. S.H., a minor, is allegedly the Insured's son, and he resides in Chicago, Illinois and is a citizen of Illinois.

5. American Funeral Financial, LLC ("American Funeral"), is a corporation incorporated under the laws of South Carolina with its principal place of business in Greenville, South Carolina. American Funeral is a citizen of South Carolina.

6. Ford Acceptance Corporation ("Ford Acceptance"), is a corporation incorporated under the laws of Illinois with its principal place of business in Palatine, Illinois. Ford Acceptance is a citizen of Illinois.

## Jurisdiction and Venue

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, because the action arises under the laws of the United States, specifically ERISA. The Court also has original jurisdiction pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs; and pursuant to 28 U.S.C. §1335 because this is in an interpleader action in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. In addition, this is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. Venue is proper pursuant to 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391(b), and 28 U.S.C. §1397, because one or more defendants and claimants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**Competing Claims**

9. Securian issued Group Term Life Insurance Policy No. 70201 ("Basic Group Policy") and Group Term Life Insurance Policy No. 70202 ("Optional Group Policy") to the Policyholder, United Airlines, Inc. ("United Airlines"). The Basic Group Policy and Optional Group Policy (collectively, "Group Policies") fund life insurance benefits under an employee welfare benefit plan ("Plan") established and maintained by United Airlines pursuant to ERISA. Copies of the Certificates of Insurance for the Basic Group Policy and Optional Group Policy applicable to the Insured as attached as Exhibits A and B, respectively.

10. The Insured died on May 26, 2019 from a gunshot wound. A copy of the Insured's Certificate of Death is attached as Exhibit C.

11. At the time of his death, the Insured maintained basic coverage under the Basic Group Policy in the amount of $26,000, and optional coverage under the Optional Group Policy in the amount of $102,000, for a total amount of $128,000 (the "Plan Benefits"). As a result of the Insured's death, the Plan Benefits became payable to the proper beneficiary or beneficiaries.

12. At the time of the Insured's death, there was no designated beneficiary.

13. The Group Policies each provide, in part,

> If there is no eligible beneficiary, or if you do not name one, we will pay the death benefit to:
>
>   (1) your lawful spouse if living; otherwise
>   (2) your natural or legally adopted child (children) in equal shares, if living; otherwise
>   (3) your parents in equal shares, if living; otherwise
>   (4) your natural or legally adopted siblings in equal shares, if living; otherwise
>   (5) your estate.

(Ex. A, Basic Certificate, pg. SLIC00187; Ex. B, Optional Certificate, pg. SLIC00205).

14. The Insured was not married at the time of his death. Therefore, under the terms of the Group Policies, the Plan Benefits would be payable to the Insured's surviving natural or legally adopted child or children, if any, in equal shares; otherwise to his parents in equal shares. (Ex. A, Basic Certificate, pg. SLIC00187; Ex. B, Optional Certificate, pg. SLIC00205).

15. Securian has received conflicting information as to whether the Insured has a child and as to the identity of the Insured's father.

16. The Insured's mother, Carmen Benford, initially informed Securian that the Insured's father was Carlos Castleberry, but later asserted that the Insured had no father. Carmen Benford asserted that the Insured had no biological children. Carmen Benford submitted a claim to Securian for payment of the Plan Benefits to herself alone. She further demanded payment of 100% of the Plan Benefits in telephone calls and letters to Securian.

17. The Insured's sister informed United Airlines's third party administrator that the Insured's biological father was Carlos Castleberry. In a telephone conversation she also stated that the Insured had an 8-year-old son, S.H., but then stated that S.H. was not the Insured's son. Multiple public sources indicate the Insured was the father of a child.

18. Securian contacted Najee Hemphill, the mother of S.H., who informed Securian that S.H. was the biological son of the Insured. She informed Securian that she was making a claim for the Plan Benefits on behalf of S.H.

19. Securian advised Carmen Benford and S.H., through his mother Najee Hemphill, of their competing claims to the Plan Benefits and requested that they communicate with one another in order to reach a mutually agreeable resolution to payment of the Plan Benefits. No agreement was reached.

20. Securian received two Assignments of insurance proceeds for funeral and burial expenses signed by Carmen Benford. Carmen Benford signed an Assignment purporting to assign $20,122.32 of the Plan Benefits to American Funeral, and an Assignment purporting to assign $9,287.31 of the Plan Benefits to Gatling's Chapel, Inc., who reassigned the funds to Ford Acceptance. The American Funeral Assignment and Ford Acceptance Assignment are attached as Exhibits D and E, respectively.

21. Securian is unable to determine who is entitled to the Plan Benefits without being subject to multiple liabilities. Carmen Benford, Carlos Castleberry, S.H., American Funeral, and Ford Acceptance (collectively, the "Interpleader Claimants") are competing claimants with respect to the Plan Benefits, and an interpleader action is necessary to protect Securian from being exposed to potential multiple liability.

22. Securian is a disinterested stakeholder with respect to whom the Plan Benefits should be paid. Securian has no legal interest in the outcome of any dispute that may exist among the Interpleader Claimants with respect to their competing claims to the Plan Benefits. Securian has been unfairly drawn into this dispute and brings this interpleader action as the only appropriate recourse to resolve any and all possible disputes among the Interpleader Claimants with respect to payment of the Plan Benefits.

23. Securian is willing to tender the Plan Benefits to the Clerk of the Court, or other Court ordered escrow representative. Upon tender of the Plan Benefits, Securian should be dismissed with prejudice from any further involvement or participation in this litigation. Thereafter, the Interpleader Claimants should be required to interplead with each other to determine their respective rights to any of the Plan Benefits.

24. Securian has incurred costs and fees to initiate this interpleader action to resolve the competing claims to the Plan Benefits. Securian requests an award of its costs and reasonable attorneys' fees to be deducted from the Plan Benefits prior to deposit with the Clerk of Court.

WHEREFORE, Plaintiff, SECURIAN LIFE INSURANCE COMPANY, respectfully requests that the Court enter an Order for the following relief:

(i) Requiring the appointment of a guardian of the estate or conservator for the minor child S.H.;

(ii) Authorizing Securian to deposit with the Clerk of the Court, or other Court ordered escrow representative, the Plan Benefits and any applicable interest payable under the Group Policies due to the death of the Insured;

(iii) Requiring the Interpleader Claimants to interplead with each other to determine their respective rights to the Plan Benefits;

(iv) Declaring that Securian, United Airlines and the Plan have no further liability with respect to the Plan Benefits payable under the Group Policies due to the death of the Insured, and no further liability to the Interpleader Claimants under the Group Policies;

(v) Enjoining and restraining the Interpleader Claimants from instituting any action or proceeding in any state or federal court against Securian, United Airlines or the Plan related to the Plan Benefits or the Insured's coverage under Group Policies, including any interest or claims related thereto;

(vi) Dismissing Securian from this litigation, with prejudice; and

(vii) Awarding Securian its reasonable attorneys' fees and costs incurred herein to be paid from the Plan Benefits, along with any and all other relief the court deems appropriate.

Respectfully submitted,

Jacqueline J. Herring (Ill. Bar. No. 6282246)    By: */s/ Jacqueline J. Herring*
Rachel H. Beattie (Ill. Bar No. 6305444)          Attorney for Interpleader Plaintiff,
SMITH | VON SCHLEICHER + ASSOCIATES       Securian Life Insurance Company
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
jackie.herring@svs-law.com
rachel.beattie@svs-law.com