## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-06784 ) |
| v. | ) Judge John J. Tharp, Jr. ) |
| CARMEN BENFORD, CARLOS CASTLEBERRY, S.H. (a minor), AMERICAN FUNERAL FINANCIAL, LLC, and FORD ACCEPTANCE CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION FOR JUDGMENT

Now comes the Defendant, FORD ACCEPTANCE CORPORATION ("Ford"), by and through its attorney, Sigi M. Offenbach, and requests judgment for funeral expenses in this matter and in support thereof, states as follows:

1. Ford is an Illinois corporation which is in the business of financing funerals.

2. On information and belief, John Shoun Benford died on May 26, 2019.

3. On information and belief, John Shoun Benford owned life insurance policies which were the subject of the Complaint for Interpleader and attached to the Interpleader as Exhibits A and B ("Policies").

4. On information and belief, the potential beneficiaries of the Policies are Carmen Benford, Carlos Castleberry and S.H.(a minor).

5. Ford financed the funeral for Lee Taylor.

6. In order to secure the financing of the funeral, Carmen Benford executed an assignment form assigning the proceeds of the Policy to Gatling Chapel Inc., and Gatling Chapel Inc. reassigned the proceeds of the Policy to Ford. A true and

correct copy of the Assignment/Reassignment form is attached hereto and marked as Exhibit "A." This exhibit further provides that upon default, Ford shall be entitled to recover all costs of collection, interest and attorney fees.

7. In reliance of Exhibit A, Ford paid for the funeral of John Shoun Benford.

8. Although often requested, Ford has not received the compensation for the funeral expenses it paid.

9. Both Carlos Castleberry and Najeea Hemphill, mother and next friend of S.H. (a minor), have agreed in open court to the validity of the Ford assignment.

10. Carmen Benford has also acknowledged the validity of the Ford assignment. In her answer to paragraph 5, she states that she did contract with Ford and in her answer to paragraph 20, she states that she signed the assignment for $9,287.31 from Ford.

11. In accordance with the Illinois Probate Act, 755 ILCS 5/18-10, funeral and burial expenses are the first priority in claims in the decedent's estate and unpaid amounts due earn up to 9% per annum.

WHEREFORE, FORD respectfully requests that the Court enter an Order distributing the sum of $9,287.31, plus interest, court costs, and attorney's fees to FORD.

Respectfully submitted,

Ford Acceptance Corporation

By: _____
One of its Attorneys

Sigi M. Offenbach
Pitler and Mandell
33 North LaSalle Street
Suite 2700
Chicago, Illinois 60602
312.782.9466
sigi@pitlerandmandell.com

# FORD ACCEPTANCE CORPORATION
## FAMILY OWNED AND OPERATED SINCE 1969

### IRREVOCABLE ASSIGNMENT AND POWER OF ATTORNEY

Deceased: John Shaun Benford  Date Signed: 6/18/2019
Date of Death: 5/26/2019  Date of Birth: [Redacted]/1992  SSN#: [Redacted]-6565
Funeral Home/Cemetery: Gatling's Chapel Inc
Insurance Company: Securian
Policy Numbers: Claim # 1403658
Amounts: $9287.31 Funeral Cost  $___ Cemetery Cost  $___ Family Funds  $___ Fac Fees  $9287.31 Total Amount

For value received, I(We), the undersigned beneficiary(s) under the insurance policy, or death benefit certificate number, or being equitably entitled to the benefits, refund of premiums, and interest thereunder, do hereby irrevocably assign, set over and transfer unto said funeral home/cemetery listed above, its successor and irrevocably assigns the amount listed above which is to be paid from benefits, refund of premiums, or interest of the above mentioned policy(s) or certificate, the consideration for the irrevocable assignment of the amount being funeral services rendered in the burial of said deceased by said funeral home/cemetery which services have been accepted by us. In the event that any payments of proceeds are made to me under the provisions of the above described policy(s) or certificate, subsequent to the execution of this irrevocable assignment to the funeral/cemetery or the irrevocable reassignment by the funeral home/cemetery to FORD ACCEPTANCE CORPORATION (FAC) then said proceeds shall be held in trust by me for the use of the assignee, its successors and/or assigns. I(We) hereby appoint FAC as our attorney in fact to act for us with full power to make collection of, compromise, settle, and endorse or receipt in our names or otherwise, any check, draft, receipt or release for the proceeds of said policy(s) of insurance or certificate and to process all necessary forms, execute proofs of loss or proofs of claim and to execute all necessary paperwork to obtain said insurance proceeds, as fully to all intents and purposes as we ourselves could do, hereby ratifying and confirming all that our said attorney may do or cause to be done by virtue hereof. We also authorize and direct your insurance company to release any information regarding the policy(s) to FAC. In the event the policy(s) are not enclosed, I certify that the policy(s) have been lost or destroyed if for any reason FAC does not receive full payment, the undersigned promises to pay to the order of FAC 1540 E. Dundee Rd. Suite: 160, Palatine, Illinois 60074 the sum of $9287.31 on demand, with interest at the rate of 1.5% per month. Upon default of this Promissory Note, FAC shall be entitled to recover all costs of collection and attorney fees incurred for collection of the note. The note is to be interpreted in accordance with Illinois law and confer jurisdiction upon the Illinois courts and agree to venue in the Circuit Court of Cook County, Illinois. All undersigned parties (including the funeral home/cemetery) are hereby obligated jointly and severally and guaranty payment to FAC the principal, interest, attorney fee, and cost incurred in collecting this note. The undersigned hereby waive presentment for payment, demand, protest, jury demand and notice of protest or non-payment.

Name: Carmen Benford  Address: [Redacted]
SSN: [Redacted]-7011  Date Of Birth: [Redacted]/1973  Phone: (313) 838-3146
Signature: Carmen Benford  Relationship: Mother

Name: ___  Address: ___
SSN#: ___  Date Of Birth: ___  Phone: ___
Signature: ___  Relationship: ___

The foregoing IRREVOCABLE ASSIGNMENT/POA was executed by the BENEFICIARY/CLAIMANT named above, personally appeared before me and produced identification.
NOTARY PUBLIC: Maxine D. Harmon  DATE: 6/18/19  STATE: IL  COUNTY: Cook

[Notary Seal: OFFICIAL SEAL MAXINE D HARMON NOTARY PUBLIC - STATE OF ILLINOIS MY COMMISSION EXPIRES:02/10/23]

### IRREVOCABLE REASSIGNMENT AND POWER OF ATTORNEY

For value received, the undersigned do hereby irrevocably reassign, transfer, convey and set over unto FORD ACCEPTANCE CORPORATION (FAC) its successors and irrevocably assigns all of our rights, title, interest and claim in and to the within irrevocable assignment and do hereby direct that payment be made to FAC 1540 E. Dundee Rd. Suite: 160, Palatine, Illinois 60074. I(We) further appoint FAC as our attorney in fact to act for us with full power to make collection, compromise, settle, and endorse or receipt in our names or otherwise, any check, draft, receipt or release for the proceeds of said insurance policy, certificate to all intents and purposes as we ourselves could do. In the event that any payments of proceeds are made to me subsequent to the execution of this irrevocable reassignment to FAC, then the proceeds shall be held in trust by me for the use of the assignee and holder of this instrument. Should any or all of the assigned amount not be paid in full or any or all the irrevocable assignment/reassignment found to be invalid, all undersigned parties are hereby obligated jointly and severally and guaranty payment to FAC all costs of collection, principal, interest, attorney fees, and court cost. This note is to be interpreted in accordance with Illinois law and confer jurisdiction upon the Illinois courts and agree venue in the Circuit Court of Cook County, Illinois.

Gatlings Chapel, Inc  Antonette Gatling
(NAME OF FUNERAL HOME/CEMETERY)  (SIGNATURE OF FUNERAL HOME/CEMETERY, AUTHORIZED AGENT)

The foregoing IRREVOCABLE REASSIGNMENT/POA was executed by the FUNERAL HOME/CEMETERY named above, personally known to me and produced identification.
NOTARY PUBLIC: Maxine D. Harmon  DATE: 6/18/19  STATE: IL  COUNTY: Cook

**FORD ACCEPTANCE CORPORATION: 1540 E. DUNDEE RD. SUITE: 160 PALATINE, Illinois 60074**
**P: 847-797-5809  F: 847-797-5863  EMAIL: FORDACCEPTANCE@FORDACCEPTANCE.COM**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff,* | )<br>) Case No. 1:19-cv-06784<br>) |
| v. | ) Judge John J. Tharp, Jr.<br>) |
| CARMEN BENFORD, CARLOS CASTLEBERRY, S.H. (a minor), AMERICAN FUNERAL FINANCIAL, LLC, and FORD ACCEPTANCE CORPORATION, | )<br>)<br>)<br>) |
| *Defendants.* | )<br>) |

## AFFIDAVIT OF DAVID LEVINE

David LeVine, being first duly sworn on oath, states and deposes as follows:

1. I am the corporate secretary and one of the directors of Ford Acceptance Corporation ("Ford") and am familiar with the facts herein and if called upon to testify, could competently testify to the following facts.

2. Ford is an Illinois corporation which is in the business of financing funerals.

3. According to Ford's records, John Shoun Benford died on May 26, 2019.

4. According to Court records, John Shoun Benford owned life insurance policies which were the subject of the Complaint for Interpleader and attached to the Interpleader as Exhibits A and B ("Policies").

5. Ford financed the funeral for John Shoun Benford.

6. In order to secure the financing of the funeral, Carmen Benford ("Carmen") executed an assignment form assigning the proceeds of the Policies to Gatling Chapel Inc., and Gatling Chapel Inc. reassigned the proceeds of the Policy to Ford.

A true and correct copy of the Assignment/Reassignment form is attached hereto and marked as Exhibit "A."

7. That Assignment/Reassignment form contains a Promissory Note in which Carmen promised to pay Ford the sum of $9,287.31, with interest, costs and reasonable attorneys' fees incurred for the collection of the Note.

8. In reliance of Exhibits A, Ford paid for the funeral of John Shoun Benford.

9. Although often requested, Ford has not received the compensation for the funeral expenses it paid.

10. In order to collect on the Promissory Note, Ford had to participate in the instant lawsuit and retain the firm of Pitler and Mandell.

11. Therefore, Ford is owed $9,287.31, plus attorney's fees, interest and court costs.

Further, Affiant sayeth naught.

_David LeVine_

Signed and sworn before me the 25 day of February, 2020.

_Notary Public_

OFFICIAL SEAL
ALAN LEVINE
NOTARY PUBLIC - STATE OF ILLINOIS
COMMISSION EXPIRES:11/16/20